**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Melissa Kellogg, | : |
| | : |
| Plaintiff, | : Civil Action No.: 3:12-cv-01666 |
| | : |
| v. | : |
| | : COMPLAINT |
| Century Financial Services, Inc.; and | : |
| DOES 1-10, inclusive, | : |
| | : November 26, 2012 |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Melissa Kellogg, by undersigned counsel,
states as follows:

<u>JURISDICTION</u>

1.      This action arises out of Defendants' repeated violations of the Fair
Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the
invasions of Plaintiff's personal privacy by the Defendants and their agents in
their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in
that the Defendants transact business in this District and a substantial portion of
the acts giving rise to this action occurred in this District.

<u>PARTIES</u>

4.      The Plaintiff, Melissa Kellogg ("Plaintiff"), is an adult individual
residing in Killingworth, Connecticut, and is a "consumer" as the term is defined
by 15 U.S.C. § 1692a(3).

5.      Defendant Century Financial Services, Inc. ("CFS"), is a Connecticut

business entity with an address of 23 Maiden Lane, North Haven, Connecticut 06473, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by CFS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      CFS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.  **The Debt**

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $600.00 (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to CFS for collection, or CFS was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.  **CFS Engages in Harassment and Abusive Tactics**

12.      Within the last year, Defendants contacted the Plaintiff at her residential and cellular telephone lines in an attempt to collect the Debt.

13.      During the initial communication, Defendants failed to inform

2

Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

14.     In July 2012, Plaintiff accepted Defendants' offer to settle the Debt for $495.00 to be paid in two increments of $247.50 each.

15.     Thereafter, on July 25, 2012, Defendants debited Plaintiff's bank account for the amount of $247.00.

16.     On August 8, 2012, Defendants withdrew $172.50 from Plaintiff's bank account instead of the earlier agreed upon sum of $247.50.

17.     On September 5, 2012, Defendants withdrew the remaining $75.00, thus, according to the terms of settlement agreement, the Debt should have been considered to be paid in full.

18.     Despite the foregoing, on October 10, 2012, Defendants conducted an unauthorized withdrawal of another $75.00. Defendants represented that the Debt would not be considered paid in full and that a balance remained outstanding .

19.     When Plaintiff confronted Defendants about the unauthorized withdrawal, Defendants' collector Alex Santiago told Plaintiff that her bank account was overdrawn and that the August 8 payment did not go through. Plaintiff's bank statements squarely contradict Defendants' allegations.

20.     Moreover, Mr. Santiago used rude and unprofessional tone with Plaintiff, constantly talking over her.

C. <u>Plaintiff Suffered Actual Damages</u>

21.     The Plaintiff has suffered and continues to suffer actual damages as

3

a result of the Defendants' unlawful conduct.

22.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

<u>COUNT I</u>

<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.</u>

23.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.    The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25.    The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26.    The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27.    The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

28.    The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

4

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

## Conn. Gen. Stat. § 42-110a, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

33.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

34.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. **Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;**

6. **Punitive damages; and**

7. **Such other and further relief as may be just and proper.**

   **TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: November 26, 2012**

   **Respectfully submitted,**

   **By   /s/ Sergei Lemberg**

   **Sergei Lemberg, Esq.**
   **LEMBERG & ASSOCIATES L.L.C.**
   **1100 Summer Street, 3rd Floor**
   **Stamford, CT 06905**
   **Telephone: (203) 653-2250**
   **Facsimile:   (203) 653-3424**
   **Attorney for Plaintiff**